**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **OSCAR JOSHUA** | § | |
| | § | |
| **V.** | § | **A-07-CA-602-SS** |
| | § | |
| **STATE OF TEXAS** | § | |
| | § | |

## REPORT AND RECOMMENDATION

To:     The Honorable Sam Sparks, United States District Judge

The Magistrate Court submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates Judges, as amended.

## DISCUSSION AND ANALYSIS

Before the Court is Petitioner's "Motion For All Charges to Be Dismiss." According to Petitioner, he was arrested in Austin, Texas, on June 2, 2007, and charged with aggravated assault with a deadly weapon. Petitioner requests the Court to dismiss the charges against him, which are currently pending in a Travis County District Court.

Because Petitioner is not challenging a final conviction, this claim is properly brought pursuant to 28 U.S.C. § 2241. In Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 93 S. Ct. 1123 (1973), the Supreme Court reiterated the long established principle that "federal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." Id. at 490, 93

1

S. Ct. at 1127.  Petitioner's claims are insufficient under <u>Braden</u> to justify federal habeas relief.[1]  The Court finds no special circumstances in this case which would justify a federal court's intervention in Petitioner's state criminal proceedings.  Moreover, there is no evidence that Petitioner has exhausted his state court remedies, a prerequisite to federal habeas corpus relief.  <u>See Braden</u>, 410 U.S. at 489-90, 93 S. Ct. at 1126.

<u>RECOMMENDATION</u>

It is therefore recommended that Petitioner's "Motion  For all Charges Be Dismiss" be denied.

<u>OBJECTIONS</u>

Within ten (10) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C).  Failure to file written objections to the proposed findings and recommendations contained within this report within ten days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. <u>Thomas v. Arn</u>, 474 U.S. 140, 148 (1985); <u>Rodriguez v. Bowen</u>, 857 F.2d 275, 276-277 (5th Cir. 1988).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is

---

[1]Additionally, the Court should abstain from deciding these issues under the  <u>Younger</u> abstention doctrine.  <u>See Louisiana Debating & Literary Ass'n v. City of New Orleans</u>, 42 F.3d 1483, 1490 (5th Cir.), <u>cert</u>. <u>denied</u>, 515 U.S. 1145 (1995) (holding that <u>Younger</u> abstention is proper when there is a pending state court action, the state court action implicates an important state interest, and there is an adequate opportunity in the state proceeding to raise constitutional challenges).

ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 30th day of July, 2007.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE